UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT LONNELL SMITH, JR.,

    Plaintiff

v.

COUNTY OF WASHOE, et al.,

    Defendants

Case No.: 3:21-cv-00123-ART-CSD

**Order**

Re: ECF No. 37

Before the court is a declaration filed by Plaintiff where he asks the court to stay ruling on Defendants' pending dispositive motions until discovery is completed. (ECF No. 37.) Defendants filed a response. (ECF No. 38.)

Plaintiff is an inmate in the custody of the Washoe County Detention Facility (WCDF), who filed this pro se action pursuant to 42 U.S.C. § 1983. The court screened his amended complaint and allowed him to proceed with the following claims: (1) an unconstitutional conditions of confinement claim based on inadequate exercise against defendants German, Barrett-Venn, Rice, Washoe County and Balaam; (2) a First Amendment claim against Johnson and Garza related to alleged censorship of the Jailhouse Lawyers Handbook; and (3) a First Amendment claim against Washoe County and Balaam regarding WCDF's postcard only mail policy. (ECF Nos. 8, 9.)

A scheduling order was entered on May 19, 2022, setting, among other things, a discovery completion deadline of November 15, 2022, and a dispositive motions deadline of December 15, 2022. (ECF No. 28.)

On June 21, 2022, defendant Sheriff Balaam filed a motion for judgment on the pleadings arguing that the postcard policy claim being asserted against Sheriff Balaam and Washoe County is duplicative in that an official capacity suit against Sheriff Balaam is the equivalent of a suit against Washoe County. (ECF No. 33.)

On July 18, 2022, defendants German, Barrett-Venn, Rice, Balaam, and Washoe County moved for partial summary judgment based on qualified immunity as to the unconstitutional conditions of confinement claim related to exercise. They argue that it was not clearly established that providing Plaintiff with two hours outside of his cell each day of the week violated the constitution.

Plaintiff seeks a stay of his obligation to respond to these motions until discovery is completed, noting that he served discovery on Defendants on July 18, 2022. Plaintiff asserts that discovery will result in finding evidence to prove his complaint; that Balaam is not entitled to immunity in his official capacity; that Defendants' motions are premature; that Defendants violated clearly established constitutional rights; that his medical diagnosis of COPD/emphysema was caused by Defendants; Defendants are aware of the risks of their actions and ignored those risks; and Defendants actions served no penological interest. (ECF No. 37.)

Under Federal Rule of Civil Procedure 56(d), if the nonmoving party shows by affidavit or declaration that he cannot present facts to oppose a motion for summary judgment, the court may defer considering the motion to deny the motion, or allow time to conduct discovery, or issue any other appropriate order. Fed. R. Civ. P. 56(d).

"Rule 56(d) provides a 'device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000

(9th Cir. 2002)). "A party seeking additional discovery under Rule 56(d) must explain what further discovery would reveal that is essential to justify [its] opposition to the motion[ ] for summary judgment." *Id*. (citation and quotation marks omitted). The affidavit or declaration must set forth the *specific* facts the party hopes to elicit from further discovery; that the facts exist; and how they are essential to oppose the motion. *Id*. (citation omitted).

Plaintiff's declaration does not adequately describe what facts he hopes to elicit in discovery and how these facts are essential to oppose Defendants' motions. Nevertheless, because the motions are dispositive, Plaintiff is pro se, and discovery is still in the early stages, the court will grant Plaintiff's request insofar as it will extend the deadline for Plaintiff to file his response to Defendants' motion by two weeks beyond the August 22, 2022 deadline for Defendants to serve their responses to Plaintiff's discovery.

## CONCLUSION

Plaintiff's motion (ECF No. 37) is **GRANTED IN PART** insofar as Plaintiff has up to and including **September 6, 2022,** to file his responses to Sheriff Balaam's motion for judgment on the pleadings and Defendants' motion for partial summary judgment. Defendants' reply briefs are due on or before **September 13, 2022**.

**IT IS SO ORDERED**.

Dated: August 5, 2022

_____
Craig S. Denney
United States Magistrate Judge

3