UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT LONNELL SMITH, JR.,

    Plaintiff

v.

DARIN BALAAM, et al.,

    Defendants

Case No.: 3:21-cv-00123-ART-CSD

**Order**

Re: ECF No. 49

Before the court is Defendants' motion for sanctions. (ECF No. 49.) Plaintiff filed a response (ECF No. 50), and Defendants filed a reply (ECF No. 51).

For the reasons set forth below, Defendants' motion is denied. The hearing set on the motion for October 18, 2022, at 9:00 a.m., is vacated; and the parties are ordered to meet and confer regarding the remaining discovery in dispute, as detailed below.

**I. BACKGROUND**

On July 27, 2022, Defendants filed a motion to compel discovery responses. (ECF No. 37.) The court held a hearing on the motion on August 26, 2022, and granted the motion in part and denied it in part. (ECF No. 41.) According to Defendants' motion, the discovery still at issue consists of: request for production of documents 3 and 8 and interrogatories 1 and 2.

Request for production of documents 3 asks for a copy of all paperwork Plaintiff received in connection with his request and approval for marriage while incarcerated at the Washoe County Detention Facility (WCDF). The court directed Plaintiff to review the legal documents in his possession and produce the documents to Defendants, and if he does not have any documents, to respond accordingly.

1        Request for production of documents 8 asks for a copy of all emails and/or letters sent or received from friends and family while incarcerated at the WCDF. The court directed Plaintiff to review the documents in his possession and produce postcards and letters from friends and family, and if he does not have any, to respond accordingly.

       Interrogatory 1 asks for the names and addresses of all people with whom Plaintiff has communicated with by postcard and the names and addresses of the people with whom he claims he could not communicate with because of the postcard policy while incarcerated at WCDF. The court directed Plaintiff to provide this information.

       Interrogatory 2 asks, for those identified in response to interrogatory No. 1, for Plaintiff to state whether he has communicated with these people by alternative means such as email, i-chat, or personal visit, and to identify the corresponding dates. The court directed Plaintiff to provide this information.

       The court ordered Plaintiff to provide responses and meet and confer by September 5, 2022.

       On September 7, 2022, Defendants filed this motion for sanctions, asserting that Plaintiff did not respond to requests for production 3 and 8 or interrogatories 1 and 10 as ordered. Defendants request that Plaintiff's First Amendment claim be dismissed as a sanction for the failure to provide the discovery responses. (ECF No. 49.)

## II. DISCUSSION

       Plaintiff provides evidence that on August 30, 2022, he sent a letter to Defendants' counsel, stating that he was seeking to meet and confer concerning the discovery in dispute pursuant to the court's order. (ECF No. 50-1 at 4.) Defense counsel, Mr. Munro, responded with

a letter dated September 6, 2022, telling Plaintiff to advise as to a date and time for a phone meeting. (ECF No. 50-1 at 6.)

On September 7, 2022, Mr. Munro filed this motion for sanctions, even though he had not yet met and conferred with Plaintiff either about the outstanding discovery or the motion for sanctions, and despite the fact that he had just advised Plaintiff to notify him of a date and time for a meet and confer. (ECF No. 49.)

Plaintiff sent Mr. Munro a response on September 9, 2022, and proposed September 14, 2022, at 9:00 a.m., as a time to meet and confer. (ECF No. 50-1 at 9.)

According to his declaration, Plaintiff received the motion for sanctions on September 12, 2022, but it does not appear that Mr. Munro ever got back to Plaintiff about the proposed meet and confer. (ECF No. 50-2 ¶ 7.)

Plaintiff states that on September 21, 2022, Mr. Munro came to WCDF to meet with Plaintiff without any advance notice. Plaintiff indicates that Mr. Munro "requested and accepted" his verbal communications regarding his past convictions (that were the subject of request for production 1). However, when Plaintiff attempted to return to his cell to retrieve the other discovery items in dispute, Mr. Munro refused to accept the items. Plaintiff asserts that Mr. Munro did not comply with the rule to meet and confer before filing this motion. (ECF No. 50-3.)

Local Rule 26-6 clearly provides that the moving party must make a good faith effort to meet and confer before filing a discovery motion. This would include a discovery-related sanctions motion, and the discovery motion filed with the court must include a declaration setting forth the details and results of the meet and confer conference. LR 26-6(c). Moreover, a discovery motion must all set forth in full the text of the discovery originally sought and any

response, which the motion for sanctions fails to do. LR 26-6(b). Mr. Munro did not include a declaration stating that he met and conferred with Plaintiff prior to filing this motion for sanctions. Nor does the motion set forth the text of each discovery request still at issue.

Finally, Mr. Munro does not address Plaintiff's contentions that Mr. Munro showed up to the WCDF without notice and refused to accept Plaintiff's tender of discovery items in dispute.

For all of these reasons, Defendants' motion for sanction is denied. The hearing on the motion for sanctions is vacated. The parties are ordered to meet and confer regarding the remaining discovery items in dispute.

### III. CONCLUSION

Defendants' motion for sanctions (ECF No. 49) is **DENIED.**

The hearing set for **October 18, 2022** is <u>**VACATED**</u>.

The parties are ordered to meet and confer **IN PERSON**, at a date and time **agreeable to both sides**, regarding the remaining discovery in dispute. The parties have until **November 11, 2022**, to complete the meet and confer. The parties shall then file a **joint status report** on or before **November 18, 2022,** regarding the outcome of the meet and confer session and whether any dispute remains as to requests for production 3 and 8 and interrogatories 1 and 2, and if so, the report shall set forth the parties' respective positions regarding any remaining dispute.

**IT IS SO ORDERED**.

Dated: October 17, 2022

_____
Craig S. Denney
United States Magistrate Judge

4