UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROBERT LONNELL SMITH, JR.,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>DARIN BALAAM, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:21-cv-00123-ART-CSD<br><br>ORDER CORRECTING MISTAKE IN SCREENING ORDER AND DIRECTING SERVICE OF PROCESS |

　　　On April 1, 2022, the Court screened pro se plaintiff Robert Smith's First Amended Complaint ("FAC"), allowing, among other things, the First Amendment claim for interference with free speech to proceed against defendants S. Johnson and Garza. (ECF No. 9 at 11). But the Court mistakenly also ordered that those defendants were dismissed from the FAC without prejudice. (*Id.*) And the Court mistakenly failed to require that summonses be issued for those defendants and service of process be effectuated on them. (*See id.*)

　　　Federal Rule of Civil Procedure 60 provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "The court may do so on motion or on its own, with or without notice." *Id.* The Court now corrects the mistake in the screening order dismissing defendants S. Johnson and Garza from the FAC.

**CONCLUSION**

　　　It is therefore ordered that the Court's April 1, 2022, screening order (ECF No. 9) is corrected to reflect that defendants S. Johnson and Garza are not dismissed from the First Amended Complaint.

　　　It is further ordered that defendants S. Johnson and Garza must be served with a summons and copies of the First Amended Complaint (ECF No. 8) and this order. To accomplish service, Smith has until **November 25, 2022,** to provide the U.S. Marshal with

the required USM-285 forms containing the relevant information as to each defendant—one form for each defendant.

It is further ordered that after Smith receives a copy of the USM-285 forms from the U.S. Marshal showing whether service has been accomplished, he will have 20 days to file a notice with the Court identifying which defendants were served and which were not served. If Smith wishes to have service again attempted on any unserved defendant, he must file a motion with the Court identifying the unserved defendant and specifying a more detailed name or address for the defendant, or state whether some other manner of service should be attempted.

It is further ordered that Smith will serve upon all defendants or, if an appearance has been entered by counsel, upon each defendant's attorney, a copy of every pleading, motion, notice, or other document he submits for the Court's consideration. If Smith electronically files a document with the Court's electronic-filing system, no certificate of service is required. *See* Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. But if Smith mails the document to the Court, he must include a certificate stating the date that a true and correct copy of the document was mailed to each defendant or their counsel. If counsel has entered a notice of appearance, Smith must direct service to the individual attorney named in the notice of appearance and at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge that has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk that fails to include a certificate showing proper service when required.

The Clerk of the Court is directed to: (1) update the docket to reflect that defendants S. Johnson and Garza are not terminated; (2) issue summonses for S. Johnson and Garza and deliver them to the U.S. Marshal for service along with sufficient copies of this order and the First Amended Complaint (ECF No. 8); and (3) send plaintiff

/ / /

/ / /

Robert Smith, Jr., two USM-285 forms and a courtesy copy of the First Amended Complaint (ECF No. 8).

DATED: October 28, 2022.

_____
UNITED STATES MAGISTRATE JUDGE