**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT LONNELL SMITH, JR.,<br><br>　　Plaintiff<br><br>v.<br><br>DARIN BALAAM, et al.,<br><br>　　Defendants | Case No.: 3:21-cv-00123-ART-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 33 |

    This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court is defendant Sheriff Darin Balaam's motion for judgment on the pleadings. (ECF No. 33.) Plaintiff filed a response. (ECF No. 44.) Balaam filed a reply. (ECF No. 48.)

    After a thorough review, it is recommended that Balaam's motion be granted.

**I. BACKGROUND**

    Plaintiff is an inmate in the custody of the Washoe County Detention Facility (WCDF), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (First Amended Complaint (FAC), ECF No. 8.)

    The court screened Plaintiff's FAC, and allowed him to proceed with, among other claims, a First Amendment free speech claim against Washoe County and Balaam regarding WCDF's postcards-only mail policy. The court allowed this claim to proceed "under a theory of municipal liability." (ECF No. 9 at 10-11.)

Balaam moves for judgment on the pleadings, asserting that the municipal liability claim asserted against both Balaam and Washoe County is duplicative because a municipal liability suit against Balaam is the same as suing Washoe County itself. Alternatively, if Plaintiff is allowed to proceed against Balaam, he argues that he may not be sued for punitive damages.[1]

## II. LEGAL STANDARD

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). Judgment on the pleadings is limited to material included in the pleadings, as well as documents attached to the complaint, documents incorporated by reference and matters of judicial notice, unless the court elects to convert the motion to one for summary judgment. *Yakima Valley Mem'l Hosp. v. Dep't of Health*, 654 F.3d 919, 925 n. 6 (9th Cir. 2011). The court must accept as true the facts pled by the non-movant, and the court will construe the pleadings in the light most favorable to the non-moving party. *U.S. ex. rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011); *Doyle v. Raley's Inc.*, 158 F.3d 1012, 1014 (9th Cir. 1998).). "A Rule 12(c) motion for judgment on the pleadings is properly granted only when, 'taking all the allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.'" *Herrera v. Zumiez, Inc.,* 953 F.3d 1063, 1068 (9th Cir. 2020) (quoting *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978-79 (9th Cir. 1999)); *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

---

[1] Balaam's motion is limited to the First Amendment postcard-only mail policy claim. Balaam is also named a defendant in Plaintiff's claim for unconstitutional conditions of confinement due to alleged inadequate exercise, but again, on a theory of municipal liability. (*See* ECF No. 9 at 8.) The defendants named in that claim have filed a motion for partial summary judgment, which is addressed in a separate report and recommendation.

2

### III. DISCUSSION

In response to Balaam's motion, Plaintiff argues that all claims should proceed against Balaam and Washoe County, and even if the punitive damages are not warranted against Washoe County, they should proceed against Balaam in his personal or individual capacity.

The problem, however, is that the screening order specifically states that Plaintiff's postcard policy claim may proceed against Washoe County and Balaam "under a theory of municipal liability." (ECF No. 9 at 10-11.) Proceeding under a theory of municipal liability means that Plaintiff may impose liability on a municipality under section 1983 if he proves he suffered a constitutional deprivation because of the municipality's policy that is the moving force behind the constitutional violation. *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (citation omitted). Plaintiff's FAC does not specifically state whether he is suing Balaam in his official or individual capacity; however, the screening order only allowed Plaintiff to proceed with this claim only under a theory of *municipal liability*, and as such, Plaintiff is not proceeding against Balaam in his individual capacity.

Balaam is correct that "[a]n official capacity suit against a municipal officer is equivalent to a suit against the entity." *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2008) (citing *Kentucky v. Graham*, 473 U.S. 159, 165066 (1985)). "When both a municipal officer and a local entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *Id*. (citation omitted).

Accordingly, Balaam's motion for judgment on the pleadings should be granted insofar as Balaam should be dismissed as a redundant defendant in Plaintiff's First Amendment postcard-only mail policy claim.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Balaam's motion for judgment on the pleadings (ECF No. 33) and **DISMISSING** Balaam as a redundant defendant from Plaintiff's First Amendment postcard-only mail policy claim.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 28, 2022

                                                                                    Craig S. Denney
                                                                                    United States Magistrate Judge