# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ROBERT LONELL SMITH, JR.,

     Plaintiff

v.

DARIN BALAAM, et al.,

     Defendants

Case No.: 3:21-cv-00123-ART-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 34

This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' motion for partial summary judgment. (ECF Nos. 34, 34-1.) Plaintiff filed a response. (ECF Nos. 43, 45, 46.) Defendants filed a reply. (ECF No. 47.)

After a thorough review, it is recommended that Defendants' motion be denied.

## I. BACKGROUND

Plaintiff is a pretrial detainee in the custody of the Washoe County Detention Facility (WCDF), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (First Amended Complaint (FAC), ECF No. 8.)

The court screened Plaintiff's FAC, and allowed him to proceed with, among other things, a Fourteenth Amendment conditions of confinement claim based on alleged inadequate access to exercise against defendants German, Barrett-Venn, Rice, Washoe County, and Balaam. Plaintiff alleges that he is confined to his cell 22 hours a day. He alleges that during the one to two hours he is allowed out of his cell every day, he can shower, exercise, use kiosks to send and receive emails, purchase items from the commissary, file grievances, make requests and inquiries

and request legal materials. He avers there is a recreation yard, but it is small and does not have any equipment, is too small even for short jogging, and is inaccessible at times due to rain and snow. He alleges that German, Barrett-Venn, and Rice denied his grievances seeking more tier time on the basis that WCDF requires a minimum of five hours per week, and inmates often get more than that. Plaintiff contends this is part of a policy that Washoe County and Balaam have created and enforced at WCDF.[1]

These Defendants move for summary judgment, arguing they are entitled to qualified immunity because there was no clearly established law holding their conduct violated the Fourteenth Amendment.

## II. LEGAL STANDARD

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

---

[1] Plaintiff's briefing on this motion references a diagnosis of COPD/emphysema. However, he is not proceeding with such a claim in this action; therefore, the court will not address those arguments.

1    "The purpose of summary judgment is to avoid unnecessary trials when there is no

2  dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

3  F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose

4  of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477

5  U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that

6  one party must prevail as a matter of law"). In considering a motion for summary judgment, all

7  reasonable inferences are drawn in the light most favorable to the non-moving party. *In re*

8  *Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach*

9  *& Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the

10  nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,*

11  477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and

12  determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255;

13  *Anderson*, 477 U.S. at 249.

14    In deciding a motion for summary judgment, the court applies a burden-shifting analysis.

15  "When the party moving for summary judgment would bear the burden of proof at trial, 'it must

16  come forward with evidence which would entitle it to a directed verdict if the evidence went

17  uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing

18  the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp.*

19  *Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations

20  omitted). In contrast, when the nonmoving party bears the burden of proving the claim or

21  defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

22  an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

23

1   party cannot establish an element essential to that party's case on which that party will have the

2   burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

3       If the moving party satisfies its initial burden, the burden shifts to the opposing party to

4   establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v.*

5   *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine

6   dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute

7   be shown to require a jury or judge to resolve the parties' differing versions of truth at trial."

8   *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)

9   (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment

10  by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475

11  U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the

12  pleadings and set forth specific facts by producing competent evidence that shows a genuine

13  dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

14                          **III. DISCUSSION**

15      "In evaluating a grant of qualified immunity, a court considers whether (1) the state

16  actor's conduct violated a constitutional right and (2) the right was clearly established at the time

17  of the alleged misconduct." *Gordon v. County of Orange*, 6 F.4th 961, 967-68 (9th Cir. 2021)

18  (citing *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001), *overruled in part by Pearson v. Callahan*,

19  555 U.S. 223 (2009)).

20      "Whether a constitutional right is clearly established is a question of law for the court to

21  decide." *Id.* at 968 (citing *Elder v. Holloway*, 510 U.S. 510, 511 (1994); *Morales v. Fry*, 873

22  F.3d 817, 825 (9th Cir. 2017)). "'[A] court must ask whether it would have been clear to a

23  reasonable officer that the alleged conduct was unlawful in the situation confronted.'" *Id.* at 969

1   (quoting *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1867 (2017)). "'While there does not have to be a case

2   directly on point, existing precedent must place the lawfulness of the particular [action] beyond

3   debate,'" and must "''squarely govern[ ]' the specific facts at issue[.]" *Id*. (citations omitted).

4         Plaintiff's claim is analyzed under the Fourteenth Amendment instead of the Eighth

5   Amendment, which governs such claims brought by convicted inmates. *Norbert v. City and*

6   *County of San Francisco*, 10 F.4th 918, 928 (9th Cir. 2021) (citing *Frost v. Agnos*, 152 F.3d

7   1124, 1128 (9th Cir. 1998)). This is because the Fourteenth amendment prohibits "*all*

8   punishment of *pretrial detainees*." *Id*. (citing *Vazquez v. County of Kern*, 949 F.3d 1153, 1163-

9   64 (9th Cir. 2020), emphasis original). For government action to constitute punishment, it must

10  (1) "cause the detainee to suffer some harm or disability" and (2) "the purpose of the

11  governmental action must be to punish the detainee." *Id.* "This requires showing at least reckless

12  disregard for inmates' health or safety." *Id*. (citing *Castro v. County of Los Angeles*, 833 F.3d

13  1060, 1071 (9th Cir. 2016)).

14        It has long been established that "exercise is 'one of the basic human necessities'"

15  protected by the Constitution. *Id*. at 929 (quoting *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir.

16  1997)); *Pierce v. County of Orange*, 526 F.3d 1190, 1211-12 (9th Cir. 2008)).

17        In *Spain v. Procunier,* 600 F.2d 189 (9th Cir. 1979), the inmate plaintiffs (who were

18  convicted prisoners) were supposed to get to exercise in a corridor in front of eight or nine cells

19  for one hour a day, five days a week; however, in reality, the inmates were given less time for

20  exercise. *Spain,* 600 F.2d at 199. The Ninth Circuit said it need not consider whether the

21  deprivation of outdoor exercise is a *per se* violation of the Eighth Amendment, but a combination

22  of various factors made the court conclude that outdoor exercise was necessary in that case: the

23  inmates were in continuous segregation and spent almost 24 hours a day in their cells with

1  "meager out of cell movement" and exercise in a corridor; the inmates had minimal contact with

2  others; they lived in an atmosphere of fear and apprehension; and they had no programs or

3  training or rehabilitation. *Id.; see also Toussaint v. Yockey,* 722 F.3d 1490, 1492-93 (9th Cir.

4  1984). The Ninth Circuit affirmed the district court's decision to order that inmates confined to

5  this space for more than four years be given outdoor exercise for one hour a day, five days a

6  week, unless "inclement weather, unusual circumstances, or disciplinary needs made that

7  impossible." *Id.*

8      In *Toussaint v. Yockey*, many of the inmates were confined to their cells for 23.5 hours a

9  day, and 1000 inmates out of 2000 in the class were in administrative segregation for over a year.

10  *Toussaint,* 722 F.2d at 1492. The court found the conditions were similar to *Spain,* and affirmed

11  the district court's determination that the plaintiff inmates would probably succeed on the merits

12  of their denial of outdoor exercise claim. *Id.* at 1493.

13      In *Pierce v. County of Orange*, 526 F.3d 1190 (9th Cir. 2008), the plaintiff inmates were

14  detainees in Orange County's jails. The court confirmed that "the Fourteenth Amendment

15  requires that pre-trial detainees not be denied adequate opportunities for exercise without

16  legitimate governmental objective." 526 F.3d at 1211-12. The Ninth Circuit stressed that

17  "[d]etermining what constitutes adequate exercise requires consideration of 'the physical

18  characteristics of the cell and jail and the average length of stay of the inmates." *Id.* at 1212.

19  There, the average time for a detainee to be in the jail was 110 days, but for detainees facing

20  "three strikes," it was closer to 312 days. *Id.* The detainee plaintiffs were in administrative

21  segregation and protective custody, and they spent 22 hours or more in their cells each day. *Id.*

22      *Pierce* noted that other courts have held that "detainees who are held for more than a

23  short time and spend the bulk of their time inside their cells are ordinarily entitled to daily

1  exercise, or five to seven hours of exercise per week, outside their cells." *Id.* (citing *Campbell v.*

2  *Cauthron,* 623 F.2d 503, 507 (8th Cir. 1980) (detainees entitled to one hour of exercise outside

3  the cell if they spend more than 16 hours in their cells); *Housley v. Dodson,* 41 F.3d 597, 599

4  (10th Cir. 1994) (inmates confined for more than a very short period must be provided with at

5  least five hours of exercise outside their cell);  *Hutchings v. Corum,* 501 F.Supp. 1276, 1294

6  (D. Neb. 1980) (failure to provide one hour per day of exercise outside the cell violates the

7  constitution)).

8         In *Pierce,* the detainees in administrative segregation and protective custody generally

9  only received 90 minutes *per week* (or 13 minutes a day) in a space equipped for exercise. *Id*.

10  The court declined to set a specific minimum time for weekly exercise for detainees who spend

11  most of their time in their cells, but the court held the conditions in *Pierce* violated the

12  Fourteenth Amendment. *Id*.

13         In 2018, in *Shorter v. Baca*, 895 F.3d 1176 (9th Cir. 2018), the Ninth Circuit stressed that

14  it had "confirmed, time and time again, that the Constitution requires jail officials to provide

15  outdoor recreation opportunities, *or otherwise meaningful recreation*, to prison inmates."

16  *Shorter*, 895 F.3d at 1185. As such, "[t]o vindicate a constitutional right to exercise, outdoor

17  exercise can indeed be required, when 'otherwise meaningful recreation is not available.'"

18  *Norbert*, 10 F.4th at 939.

19         Here, Plaintiff's argument is not that he is completely deprived of the opportunity to

20  exercise, but that he did not have enough time each day to allot toward exercise because he was

21  kept in his cell for 22 hours or more a day, that he sometimes could not go outside due to

22  inclement weather, and that the outdoor recreation grounds were insufficient to engage in

23  meaningful exercise.

1    At least for purposes of this motion, Defendants do not dispute that Plaintiff was confined

2    to his cell for at least 22 hours a day (though Plaintiff asserts that sometimes it was more than

3    that). According to *Pierce,* many courts have held that "detainees who are held for more than a

4    short time (as Plaintiff was here) and spend the bulk of their time inside their cells (as Plaintiff

5    did here) are ordinarily entitled to daily exercise, or five to seven hours of exercise per week,

6    outside their cells." *Pierce,* 526 F.3d at 1212 (citation omitted). Here, however, there is no

7    specific evidence before the court that sets forth, for each of the two hours (or less) Plaintiff was

8    allowed out of his cell for the day, if he could access the recreation yard at any time, and if so,

9    for how long. Nor is there any evidence before the court regarding how many occasions Plaintiff

10   was not allowed to go outdoors due to inclement weather, and on those occasions, whether

11   otherwise meaningful recreation was available. Finally, Defendants do not address the

12   sufficiency of the recreation yard.

13   Since *Spain,* courts have "reaffirmed that the constitutionality of conditions for inmate

14   exercise must be evaluated based on *the full extent of the available recreational opportunities*."

15   *Norbert*, 10 F.4th at 930 (emphasis added). Defendants focus only on the fact that Plaintiff was

16   given two hours of tier time, or two hours out of his cell, per day. They provide no information

17   regarding how an inmate may spend the time out of his cell, *i.e.*, showering, accessing the kiosk,

18   making phone calls, etc. Importantly, they do not address how long detainees may use the

19   recreation yard during the two hours out of their cells so the court can determine whether this

20   case falls under clearly established precedent or not.

21   As such, Defendants' motion for partial summary judgment on the basis of qualified

22   immunity as to the Fourteenth Amendment claim related to exercise should be denied.

23

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Defendants' motion for partial summary judgment as to Plaintiff's Fourteenth Amendment conditions of confinement claim related to exercise (ECF No. 34).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.


Dated: November 7, 2022

_____
Craig S. Denney
United States Magistrate Judge