UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT LONNELL SMITH, JR.,

    Plaintiff

v.

COUNTY OF WASHOE, et al.,

    Defendants

Case No.: 3:21-cv-00123-ART-CSD

**Order**

Re: ECF No. 71

Before the court is Plaintiff's motion for re-service. (ECF No. 71.)

On October 28, 2022, the court issued an order correcting a mistake in the screening order. (ECF No. 54.) The court screened Plaintiff's first amended complaint (FAC) and allowed Plaintiff to proceed with, among other things, a First Amendment claim for interference with free speech against defendants S. Johnson and Garza. The court mistakenly also ordered that those defendants were dismissed from the FAC without prejudice. As such, the court mistakenly failed to require that summonses be issued for those defendants. When this error was discovered, the court issued summonses for Johnson and Garza. (ECF No. 55.)

Garza was served, and filed an answer. (ECF Nos. 67, 73.) The summons for S. Johnson, however, was returned unexecuted, with a notation that "Washoe Legal Services does not know a 'Johnson.'" (ECF No. 68.)

In his motion to have S. Johnson re-served, Plaintiff maintains that he had email communications with an S. Johnson of Washoe Legal Services (now known Northern Nevada Legal Aid). Therefore, he requests that the court order that S. Johnson be re-served by serving the registered agent of Washoe Legal Services for a John or Jane Doe.

Under Federal Rule of Civil Procedure 4, an individual may be served by: (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (3) delivering a copy to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e); Nev. R. Civ. P. 4.2(a).

Serving a registered agent for Washoe Legal Services would not constitute proper service on S. Johnson, an individual. Plaintiff has not provided any evidence that Washoe Legal Services' registered agent has been authorized by appointment or law to accept service for S. Johnson. Therefore, Plaintiff's motion (ECF No. 71) is **DENIED**.

Under Federal Rule of Civil Procedure 4(m), a defendant must be served within 90 days after the filing of the complaint, or the defendant will be dismissed without prejudice absent a showing of good cause for the failure to timely serve the defendant. Plaintiff filed his complaint on March 12, 2021. However, because of the court's oversight, the court will calculate the deadline to serve S. Johnson as 90 days from the date it issued the order correcting the screening order as to S. Johnson and Garza and the issuance of the summonses for these defendants: October 28, 2022. That puts the deadline to serve S. Johnson on **January 26, 2023**. If a proof of service is not filed for Johnson by that date, or if good cause is not demonstrated as to why Johnson has not been timely served, Johnson will be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED**.

Dated: January 10, 2023

_____
Craig S. Denney
United States Magistrate Judge