UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LONNELL SMITH, JR., | Case No. 3:21-cv-00123-ART-CSD |
| Plaintiff, | ORDER |
| v. | |
| COUNTY OF WASHOE, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Robert Lonnell Smith, Jr. brings this action under 42 U.S.C. § 1983. Before the Court are: (1) the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 56) recommending that Defendant Sheriff Darin Balaam's motion for judgment on the pleadings (ECF No. 33) be granted; and (2) the R&R of Judge Denney (ECF No. 57) recommending that Defendants' motion for partial summary judgment (ECF No. 34) be denied. With an extension granted by the Court (ECF No. 64), Plaintiff had until December 15, 2022, to file an objection to the R&R recommending that Defendant Balaam's motion for judgment on the pleadings be granted. Defendants had until November 21, 2022 to file an objection to the R&R recommending that Defendants' motion for partial summary judgment be denied. To date, no objection to either R&R has been filed. For this reason, and as explained below, the Court adopts the R&Rs, and will grant Defendant Balaam's motion for judgment on the pleadings and deny Defendants' motion for partial summary judgment.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of

an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection to either R&R, the Court need not conduct de novo review, and is satisfied Judge Denney did not clearly err. The first R&R addresses Defendant Balaam's motion for judgment on the pleadings which seeks dismissal of Defendant Balaam as duplicative of Defendant Washoe County because the screening order permitted Plaintiff's claims to proceed only as *Monell* claims, whereby Defendant Balaam named in his official capacity duplicates the liability sought against Defendant Washoe County. (ECF No. 33.) Judge Denney states that "Balaam is correct that 'an official capacity suit against a municipal officer is equivalent to a suit against the entity.'" (ECF No. 56 at 3 (citing *Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2008)).) On December 1, 2022, the Court granted Plaintiff's request for an extension of time to file an objection, which Defendants did not oppose, and the deadline was extended to December 15, 2022. (ECF Nos. 60, 62, 64.) On December 16, 2022, Plaintiff filed a "motion to withdraw objections to Magistrate's Report and Recommendation." (ECF No. 69.) Plaintiff has thus indicated that he does not seek to file an objection and the deadline for objections has passed. The Court agrees with Judge Denney's analysis and will adopt the R&R.

The second R&R addresses Defendants' partial motion for summary judgment which seeks dismissal of Smith's Fourteenth Amendment conditions of confinement claim on the basis of qualified immunity because it was not clearly

1    established that Defendants' practice of letting Plaintiff out of his cell for two
2    hours each day was clearly prohibited under existing law. (ECF No. 34.)
3    Recommending denial of Defendants' motion, Judge Denney states that
4    "Defendants focus only on the fact that Plaintiff was given two hours of tier time,
5    or two hours out of his cell, per day. They provide no information regarding how
6    an inmate may spend the time out of his cell, *i.e.*, showering, accessing the kiosk,
7    making phone calls, etc. Importantly, they do not address how long detainees
8    may use the recreation yard during the two hours out of their cells so the court
9    can determine whether this case falls under clearly established precedent or not."
10   (ECF No. 57 at 8.) The Court agrees with Judge Denney. Defendants had until
11   November 21, 2022 to file an objection and no objection was filed.

12        Having reviewed both of the R&Rs and the record in this case, the Court
13   will adopt both of the R&Rs in full.

14        It is therefore ordered that Judge Denney's Report and Recommendation
15   (ECF No. 56) is accepted and adopted in full.

16        It is further ordered that Judge Denney's Report and Recommendation
17   (ECF No. 57) is accepted and adopted in full.

18        It is further ordered that Defendant Balaam's motion for judgment on the
19   pleadings (ECF No. 33) is granted.

20        It is further ordered that Defendant Balaam be terminated as a party from
21   this case.

22        It is further ordered that Defendants' motion for partial summary judgment
23   (ECF No. 34) is denied.

24        DATED THIS 7th day of March 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3