UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT LONNELL SMITH, JR.,<br><br>　　　　　　　Plaintiff,<br>　v.<br>COUNTY OF WASHOE, *et al.*,<br>　　　　　　　Defendants. | Case No. 3:21-cv-00123-ART-CSD<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Robert Lonnell Smith, Jr. brings this action under 42 U.S.C. § 1983. Before the Court is a Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Craig S. Denney (ECF No. 100), recommending the Court grant a motion for summary judgment filed by defendants Balaam, Barrett-Venn, German, Rice, and Washoe County (ECF No. 82). Plaintiff filed a partial objection to the R&R in which he did not object to the R&R's findings on his First Amendment claim but did object to the findings on his Fourteenth Amendment claim. (ECF No. 111 ("Objection").) Because the Court agrees with Judge Denney's analysis as to Defendants' Motion, the Court will adopt the R&R in full. Accordingly, the Court will grant Defendants' Motion for Summary Judgment.

**II.　BACKGROUND**

Plaintiff is currently an inmate in the custody of the Nevada Department of Corrections (NDOC), but the allegations of his *pro se* complaint under 42 U.S.C. § 1983 took place when Plaintiff was a pretrial detainee at the Washoe County Detention Facility. (ECF No. 8.) After screening, the Court allowed Plaintiff to proceed with the following claims in his First Amended Complaint: (1) a First Amendment claim for interference with free speech by censoring legal materials

against Johnson and Garza; (2) a First Amendment claim for interference with free speech based on the jail's postcard only mail policy against Washoe County and Washoe County Sheriff Darin Balaam; and (3) a Fourteenth Amendment claim for unconstitutional conditions of confinement as a result of inadequate access to exercise against defendants German, Barrett-Venn, Rice, Sheriff Darin Balaam, and Washoe County. (ECF No. 9.)

The Court incorporates by reference Judge Denney's recitation of the procedural history and of the Plaintiff's allegations and claims in the First Amended Complaint, which the Court adopts from the R&R. (ECF No. 100 at 1-3.)

### III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Here, The Court's review is de novo as to Plaintiff's Fourteenth Amendment claim. As to the First Amendment claim, because Plaintiff did not object to the R&R's findings (ECF No. 111 at 2), the Court need not conduct de novo review

but must be satisfied that Judge Denney did not clearly err.

## IV. DISCUSSION

The Court will begin by addressing Plaintiff's First Amendment claim. The Court is satisfied that Judge Denney did not clearly err in analyzing Plaintiff's First Amendment claim. In the R&R, Judge Denney acknowledges that "[p]rison officials may restrict [the First Amendment right to send and receive mail] only so long as the regulation imposed is 'reasonably related to legitimate penological interests.'" (ECF No. 100 at 14 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).)

In *Turner*, the Supreme Court identified four factors for courts to consider in determining the reasonableness of a regulation: (1) whether there is a valid, rational connection between the regulation and the legitimate government objective behind it; (2) whether alternative means of exercising the right remain available; (3) the impact of an accommodation on prison staff, prison resources, and other inmates; and (4) whether there are ready alternatives that could further the government's objective, and which would suggest that the regulation was an exaggerated response. *Turner*, 482 U.S. at 90–91.

Defendants argued the primary objective of the challenged postcard-only policy was to prevent the smuggling of contraband into the jail in order to promote safety and security of the inmates and staff. As a secondary objective, Defendants argued the regulation was intended to promote efficiency in mail delivery.

Applying the *Turner* factors to the postcard-only policy, Judge Denney found that all four factors weighed in Defendants' favor. (ECF No. 100 at 17.) "The evidence before the court demonstrates that the postcard-only policy was reasonably related to the legitimate penological interest of safety and security by reducing the amount of contraband, including drugs/controlled substances, entering the jail." (ECF No. 100 at 17.) The Court finds no clear err in this conclusion and therefore adopts the R&R in full as to the First Amendment claim.

Plaintiff's objection to the R&R's findings on the Fourteenth Amendment

3

claim is two-pronged. First, Plaintiff argues that genuine factual disputes exist as to his claim for unconstitutional conditions of confinement as a result of inadequate access to exercise and that Defendants presented no defense to his *Monell* claim on the county's inmate exercise policy. Second, Plaintiff contends that the Court should not have entertained Defendants' Motion because a previous motion for partial summary judgment was denied. The Court disagrees with both arguments.

A local government "may be sued for constitutional deprivations visited pursuant to governmental 'custom.'" *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690–91 (1978). A successful claim under *Monell* must show (1) deprivation of a constitutional right; (2) a local government policy or custom; (3) the policy or custom amounted to a deliberate indifference to the deprived constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich,* 92 F.3d 831, 835 (9th Cir.1996)).

Here, Plaintiff failed to show a deprivation of a constitutional right. The right to exercise is protected by the Constitution. *Norbert v. City & Cnty. of San Francisco,* 10 F.4th 918, 928–29 (9th Cir. 2021). Plaintiff's allegation is not that he was completely deprived of his right to exercise, but that he did not have sufficient time to exercise daily because he was kept in his cell for twenty-two or more hours per day. Plaintiff also alleges that the outdoor recreation grounds were insufficient to engage in meaningful exercise.

There is unrefuted evidence in the record that Plaintiff had an average of 2.17 hours a day of tier time, during which he was free to use the housing unit's day room or the outdoor recreation yard for exercise. The outdoor recreation yard, according to unrefuted evidence, was roughly 2,000 square feet, and photos indicate the area is of sufficient size to allow for exercise. In times of inclement

weather, Plaintiff had access to the dayroom for exercise. These unrefuted facts establish that Plaintiff was not deprived of his constitutional right to exercise and demonstrate that Plaintiff was provided sufficient time for outdoor recreation and other meaningful recreation. Thus, Plaintiff's objection on this ground is overruled.

Plaintiff's other objection concerning this Court's decision to entertain Defendants' Motion for Summary Judgment after previously denying Defendants' Partial Motion for Summary Judgment is unavailing. The Defendants' previous Partial Motion for Summary Judgment was only based on qualified immunity. The Order denying that motion found that Defendants did not present sufficient evidence to support a qualified immunity defense.

Following that determination, the Court extended the dispositive motions deadline in anticipation of additional discovery that may lead to additional motions. Plaintiff did not object to that extension.

Federal Rule of Civil Procedure 56 does not limit the number of motions for summary judgment that may be filed. *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). The Ninth Circuit has held that "district courts have discretion to entertain successive motions for summary judgment." *Id.* Here, Defendants filed a new motion for summary judgment, on an expanded record, addressing different legal theories and defenses. Defendants filed the motion within the deadline set by this Court, a deadline that Plaintiff did not object to. As such, Plaintiff's objection to the R&R on this ground is overruled.

In sum, the Court finds that Judge Denney did not clearly err in the analysis of Plaintiff's First Amendment claim and that Plaintiff's objections to the R&R's analysis of the Fourteenth Amendment claim are unavailing. The Court therefore overrules Plaintiff's objections, adopts Judge Denney's R&R in full, and grants Defendants' Motion for Summary Judgment.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 111) to the Report and Recommendation of U.S. Magistrate Judge Craig S. Denney is overruled. The Report and Recommendation (ECF No. 100) is therefore adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 82) is granted.

DATED THIS 28th day of September 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE